UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EMILE HAWKINS**<br>    **DOC # 290101** | **:** | **DOCKET NO. 22-CV-006218**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE OF LOUISIANA, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Emile Hawkins, who is proceeding *pro se* and *in forma pauperis* in this matter. At the time of filing, Hawkins was an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Jefferson Davis Correctional Center in Jennings, Louisiana.

**I.**
**BACKGROUND**

Hawkins brought claims against (1) State of Louisiana; (2) Sheriff of Jefferson Davis Parish; (3) Locke; (4) Caswell; (5) Holliway; (6) Cindy; (7) Machael; (8) Lambar; (9) Broussard; (10) Jousttua; (11) Landry; (12) Carswell; and (13) John Doe, alleging various constitutional violations.

On May 30, 2023, the undersigned ordered Hawkins to amend his complaint to cure deficiencies. The order was mailed to Hawkins at the last known address provided to the Court, yet was returned, marked, "Undeliverable," on June 15, 2023. Doc. 13. Hawkins has not filed an amended complaint, nor has he notified the Court of an address changed.

## II.
## Law & Application

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Hawkins has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

## III.
## Conclusion

Accordingly,

**IT IS RECOMMENDED** that Hawkins' complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE